IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RYAN CLARKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-02083-SHL-tmp |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

Plaintiff Ryan Clarke filed a pro se complaint seeking monetary reparations for all descendants of enslaved people. (See generally ECF No. 2.) Chief Magistrate Judge Pham screened Clarke's complaint under 28 U.S.C. § 1915(e)(2)[1] and recommended that it be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 8 at PageID 21.) Clarke filed general objections to the R&R,[2] most of which fail to grapple with Judge Pham's reasoning. (ECF No. 9.) Because claims for reparations are non-justiciable political questions, the report and recommendation is **ADOPTED** and Clarke's complaint is **DISMISSED WITH PREJUDICE**.

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and

---

[1] Because Clarke is proceeding in forma pauperis, his complaint must be preliminarily screened to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

[2] Clark filed a Response in Opposition to Defendant's Motion to Dismiss (ECF No. 9), but the United States has not yet appeared, and no motion to dismiss has been filed. Because Clarke is instead responding in opposition to the R&R, the Court construes his response as his objections.

recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). When a party objects to an R&R, their objections must be specific. Thomas v. Arn, 474 U.S. 140, 151 (1985). An objection is specific if it enables the court to focus on the factual and legal issues "that are at the heart of the parties' dispute." Jackson v. Social Sec. Admin., No. 3:20-cv-00818, 2021 WL 8013869, at *1 (M.D. Tenn. Sept. 8, 2021) (quoting Thomas, 474 U.S. at 147). "General or conclusory objections are insufficient." Weeks-Israel v. U.S. Army Recruiting Suffolk, No. 3:18-cv-00317, 2019 WL 4963251, at *1 (M.D. Tenn. Oct. 8, 2019) (citing Zimmerman v. Cason, 354 F. Appx. 228, 230 (6th Cir. 2009)).

An objection is general and conclusory when it "does nothing more than state a disagreement with a magistrate's suggested resolution," VanDriver v. Martin, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004), or when it does not identify a specific error made by the magistrate judge, Parker v. Hankook Tire Manuf. Tenn., LP, No. 3:22-cv-00063, 2023 WL 2390672, at *1 (M.D. Tenn. Mar. 7, 2023) (citing Howard v. Sec. of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Although Clarke's objections are lengthy, they are largely irrelevant to Judge Pham's analysis. (See ECF No. 9 at PageID 26–31.) Most of his objections are aimed at proving the existence of slavery, its history, and its effects, including his own experiences with perceived injustices. Clarke only specifically objects to Judge Pham's reliance on Ashcroft v. Iqbal, 556

U.S. 662 (2009), for the appropriate standard for stating a claim (ECF No. 9 at ¶ 5), and to Judge Pham's determination that a claim for reparations is a political question (id. at ¶ 11).  Because these are the only two specific objections, the Court reviews them de novo.  The rest are not properly considered objections because they do not point to any perceived flaw in the R&R.

Clarke argues that his case cannot "be accurately compared to Ashcroft v. Iqbal, due to a blatant confession and admittance to the crime of slavery." (Id. at ¶ 5.)  But Judge Pham never compared Clarke's case to the facts of Ashcroft—instead, he used the well-known pleading standard established by Ashcroft to evaluate Clarke's allegations. (See ECF No. 8 at PageID 22.)  Even though a pro se plaintiff's pleadings are more "liberally construed," the substance of their submissions remains important.  Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020).  Pro se litigants must also abide by pleading requirements.  Wright v. Penguin Random House, 783 F. App'x 578, 581 (6th Cir. 2019) (internal citations omitted).  The court "is not required to conjure up unpled allegations."  Chilton v. United States, No. 1:23-cv-188, 2024 WL 694367, at *2 (W.D. Mich. Jan. 24, 2024) (quoting Dietz v. Sanders, 100 F. App'x 334, 338 (6th Cir. 2004)), report and recommendation adopted, 2024 WL 688430 (W.D. Mich. Feb. 20, 2024).

Judge Pham correctly found that Clarke's allegations do not state a claim upon which relief can be granted because Clarke asks the Court to decide a political question that has been "committed by the Constitution to another branch of the government." (ECF No. 8 at PageID 23 (quoting Hannon v. Lynch, No. 2:15-cv-0718, 2016 WL 491831, at * 2 (S.D. Ohio Feb. 9, 2016)).)  Claims for reparations for the descendants of enslaved people are non-justiciable political questions.  See Chilton, 2024 WL 694367, at *2 ("The question of reparations for slavery presents a political question which the federal courts do not address."); Hannon, 2016

3

WL 491831, at *2–3 (holding that plaintiff's claim for reparations is a non-justiciable political question).

Clarke argues that his allegations do not amount to a political question because of the manner in which he seeks relief—he "is not seeking relief from the Legislative or Executive" branches. (ECF No. 9 at ¶ 11.) Thus, he asserts that the judiciary has "full Jurisdiction due to the requested relief not being amended law but punitive and compensatory damages." (Id.) But that is precisely why his claim presents a political question. There "is a strong historical record indicating that the relief sought, reparations to former [enslaved people] following the Civil War, was considered and rejected by the Representative Branches in lieu of other forms of relief," including "wartime and post-war legislation, civil rights legislation, and constitutional amendments." Chilton, 2024 WL 694367, at *3 (quoting In re African Slave Descendants Litigation, 375 F. Supp. 2d 721, 758 (N.D. Ill. 2005), aff'd in part and rev'd in part on other grounds, 471 F.3d 754 (7th Cir. 2006)). Because Clarke asks the Court to second-guess the decisions Congress made more than a century ago, his complaint presents a non-justiciable political question and therefore fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R and **DISMISSES** Clarke's complaint **WITH PREJUDICE**.

**IT IS SO ORDERED,** this 8th day of May, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE